FILED

2017 MAR 14 PM 4:02

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:17cr-113-T-36-TGW

v.

18 U.S.C. § 1343

MICHAEL PIROLO

# INFORMATION

The United States Attorney charges:

## COUNT ONE

### A. Introduction

At times material to this Information:

1. MICHAEL PIROLO served as the president of Government Contract Registry, Inc. (hereinafter "GCR"), doing business as FEMA Contract Registration.

2. GCR employed individuals as telemarketers. PIROLO instructed GCR telemarketers to falsely and fraudulently promote a service to victim-companies claiming to "register" those victim-companies with the Federal Emergency Management Agency (FEMA) for a $500 fee paid to GCR that would enable the victim-companies to receive preference in obtaining contracts from FEMA.

## B. The Scheme to Defraud

3. From an unknown date, but from at least as early as in or about June 2014, continuing through and including in or about October 2016, in the Middle District of Florida, and elsewhere,

MICHAEL PIROLO,

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire communication in interstate commerce of any writings, signs, and signals.

## C. Manner and Means of the Scheme

4. It was part of the scheme that the defendant would and did direct GCR telemarketers to communicate with victim-companies via email and telephone, during which GCR telemarketers falsely and fraudulently claimed that for a $500 fee GCR would "register" victim-companies with FEMA to enable the victims to receive preference in obtaining contracts from FEMA. The defendant directed GCR telemarketers to make these false and fraudulent claims to victim-companies despite knowing that the supposed registration process did not give victim-companies any contracting preference.

5. It was a further part of the scheme that the defendant and GCR telemarketers would and did use aliases, or fake names, when communicating with victim-companies.

6. It was a further part of the scheme that GCR, at the defendant's direction, would and did have victim-companies complete a web form on GCR's website that requested the same information as a web form found on FEMA's website. The form on FEMA's website enabled a company to provide its information to FEMA to assist FEMA with market research; FEMA's form did not relate to the United States government's contract acquisition process.

7. It was a further part of the scheme that GCR, at the defendant's direction, would and did use the information obtained from the victim-companies to then complete FEMA's web form, which then caused emails to be sent from FEMA to the victim-companies giving the appearance that the victim-companies had been "registered" as the GCR telemarketers falsely and fraudulently claimed.

8. It was a further part of the scheme that GCR, at the defendant's direction, would and did have victim-companies pay a $500 fee for the supposed "registration" of the victim-companies with FEMA so that the

victim-companies would receive preference in obtaining contracts from FEMA.

9. It was a further part of the scheme and artifice to defraud that the defendant would and did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, the purpose of acts done in furtherance of the scheme.

**D. Execution of the Scheme**

10. On or about October 30, 2015, in the Middle District of Florida and elsewhere,

MICHAEL PIROLO,

the defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, caused to be transmitted by wire in interstate commerce information from a GCR web form for victim-company JGHI, located in West Virginia, to GCR, located in the Middle District of Florida.

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE**

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging

forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violations alleged in Count One of this Information, the defendant,

MICHAEL PIROLO,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to that violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value;

e. has been commingled with other property which cannot be divided without difficulty;

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

W. STEPHEN MULDROW
Acting United States Attorney

By: Adam Saltzman
Adam M. Saltzman
Assistant United States Attorney

By: Cherie Krigsman, AUSA Deputy Chief
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section